<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4557**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

AMBROSE AKINMUKOMI,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.　Claude M. Hilton, Senior District Judge.　(1:08-cr-00487-CMH-1)

Submitted:　February 23, 2010　　　Decided:　March 12, 2010

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Kevin R. Brehm, Assistant Federal Public Defender, Patrick L. Bryant, Research and Writing Attorney, Alexandria, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Jenny C. Ellickson, Special Assistant United States Attorney, Gene Rossi, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Ambrose Akinmukomi of bulk cash smuggling, in violation of 31 U.S.C.A. § 5332 (2006 & West Supp. 2009), and knowingly making a false statement to a government agent, in violation of 18 U.S.C. § 1001 (2006). The district court sentenced Akinmukomi to two years of probation and ordered that he forfeit the $15,561 involved in the offense, and Akinmukomi now appeals. Finding no error, we affirm.

Akinmukomi first challenges the district court's order denying his motion to suppress statements he made to United States Customs and Border Protection agents. "In reviewing a district court's ruling on a motion to suppress, we review the court's factual findings for clear error, and its legal conclusions de novo." United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008) (citation omitted). When the district court denies a defendant's suppression motion, we construe "the evidence in the light most favorable to the [G]overnment." United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005) (citation omitted).

Akinmukomi argues that the district court should have suppressed the statements he made because he was subjected to custodial interrogation without being informed of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). Statements obtained from a defendant during custodial interrogation are

presumptively compelled in violation of the Fifth Amendment, unless the Government shows that law enforcement officers adequately informed the defendant of his Miranda rights and obtained a waiver of those rights. United States v. Cardwell, 433 F.3d 378, 388-89 (4th Cir. 2005). To determine whether a defendant was in custody for purposes of Miranda, courts determine "first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." Thompson v. Keohane, 516 U.S. 99, 112 (1995).

We have reviewed the record and find that a reasonable person in Akinmukomi's position would not have felt that his freedom of action was limited to a degree associated with a formal arrest. See United States v. Colonna, 511 F.3d 431, 435 (4th Cir. 2007) (internal quotation marks and citation omitted). Accordingly, we conclude that Akinmukomi was not in custody at the time he made the statements and, therefore, the agents were not required to inform Akinmukomi of his Miranda rights. Thus, the district court did not err in denying Akinmukomi's suppression motion.

Akinmukomi next challenges the sufficiency of the evidence to convict him of both counts. This court reviews a district court's decision to deny a Rule 29 motion for a

3

judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

Akinmukomi argues that there was insufficient evidence to demonstrate that he knowingly, and with the intent to evade reporting requirements, attempted to smuggle currency, in violation of § 5332(a). We have thoroughly reviewed the record, however, and conclude that the Government provided substantial

4

evidence from which the jury could conclude that Akinmukomi acted with the requisite intent and state of mind.

To establish a violation of § 1001(a)(2), the Government must demonstrate that "(1) the defendant made a false statement to a governmental agency . . . , (2) the defendant acted 'knowingly and willfully,' and (3) the false statement . . . was material to a matter within the jurisdiction of the agency." United States v. Arch Trading Co., 987 F.2d 1087, 1095 (4th Cir. 1993) (citation omitted). Akinmukomi argues that the Government failed to prove that he acted knowingly and willfully when he made the materially false statement to the government agents. Our review of the record, however, leads us to conclude that there was sufficient evidence to demonstrate that Akinmukomi made the false statement knowingly and willfully.

Finally, Akinmukomi challenges the district court's order that he forfeit the entire amount involved in the offense. Section 5332(b)(2) provides that when a defendant is convicted of violating § 5332(a), the district court "shall order that the defendant forfeit to the United States, any property, real or personal, involved in the offense, and any property traceable to such property." 31 U.S.C.A. § 5332(b)(2). However, "[t]he Excessive Fines Clause of the Eighth Amendment prohibits the [G]overnment from imposing excessive fines as punishment." Korangy v. U.S. F.D.A., 498 F.3d 272, 277 (4th Cir. 2007).

5

"This court considers de novo whether a forfeiture is a constitutionally excessive fine." United States v. Bollin, 264 F.3d 391, 417 (4th Cir. 2001) (citing United States v. Bajakajian, 524 U.S. 321, 336-37 (1998)).

A forfeiture violates the Eighth Amendment "if it is grossly disproportionate to the gravity of the defendant's offense." Bajakajian, 524 U.S. at 334. In determining the proportionality of a forfeiture, the court should consider "the nature and extent of the criminal activity, its relation to other crimes, its penalties, and the harm it caused." Bollin, 264 F.3d at 417 (internal quotation marks and citations omitted). We have carefully reviewed the record and the relevant legal authorities and conclude that the district court's forfeiture order did not violate the Excessive Fines Clause of the Eighth Amendment.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED